**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

HSBC BANK USA, NATIONAL ASSOCIATION,

      Plaintiff,

vs.

                                        Case No. 5:15-cv-520-J-34PRL

DONA BOBROWSKI et al.,

      Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On October 8, 2015, Defendant Steve Bobrowski (Defendant) filed a notice of removal notifying the Court of his intent to remove this action to the United States District Court for the Middle District of Florida, Ocala Division, and purporting to set forth the facts

establishing that the Court has jurisdiction over this action. See Removal of State Case to Federal Court Jurisdiction (Doc. 1; Notice).  This case pertains to a mortgage foreclosure action brought by Plaintiff HSBC Bank USA National Association against Defendants Dana and Steve Bobrowski.  The state court entered a final judgment in this action on March 24, 2015.  See HSBC Bank USA Nat'l Assoc. v. Bobrowski (State Action), No. 35-2012-CA-2553 (Fla. 5th Cir. Ct. Mar. 24, 2015) (final judgment of foreclosure).  The state court scheduled a foreclosure sale of the property for July 21, 2015, but the sale was cancelled when Defendant filed a notice of removal on July 20, 2015.  See HSBC Bank USA Nat'l Assoc. v. Bobrowski, No. 5:15-cv-359-Oc-30PRL, 2015 WL 4506824, at *1 (M.D. Fla. July 23, 2015).  On July 23, 2015, the federal court remanded the case to state court for lack of subject matter jurisdiction, see id. at *1-2, and the state court rescheduled the foreclosure sale for October 8, 2015, see Notice, Ex. 1 at 34: Order Rescheduling July 21, 2015 Foreclosure Sale.  On the day of the rescheduled foreclosure sale, Defendant filed the instant Notice and the foreclosure sale was cancelled.  See State Action, Dkt. No. 67.

Upon review, the Court finds no basis to support subject matter jurisdiction over this action for the same reasons articulated in Bobrowski.  See Bobrowski, 2015 WL 4506824, at *1-2. Defendant's defenses and counterclaims to the state law foreclosure action cannot form the basis of federal question jurisdiction. See Bank of N.Y. v. Angley, 559 F. App'x 956, 957-58 (11th Cir. 2014) ("There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim.").  Nor does the Court find that the state foreclosure claims themselves implicate any significant federal issues within the meaning of Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005).  See Citigroup

Global Mkts. Realty Corp. v. Brown, No. 2:13-cv-1232, 2014 WL 4748615, at *6 (S.D. Ohio Sept. 23, 2014).  Accordingly, in the absence of any basis to establish the Court's subject matter jurisdiction over this case, the Court will remand the action to state court.[1]  In light of the foregoing, it is

**ORDERED**:

1. This Court is without subject matter jurisdiction to address the claims raised in this action.

2. The Clerk of Court is **DIRECTED** to remand this case to the Circuit Court, Fifth Judicial Circuit, in and for Lake County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

3. The Clerk is further directed to terminate all pending motions and deadlines as moot and close the file.

4. The Court declines to award attorney's fees for the wrongful removal in this instance.

**DONE AND ORDERED** in Chambers on October 15, 2015.

MARCIA MORALES HOWARD
United States District Judge

---

[1]  Defendant is cautioned that the requirements of Rule 11, Federal Rules of Civil Procedure (Rule(s)) are applicable to pro se litigants as well as attorneys. See Rule 11(b); Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988).  Rule 11 authorizes the imposition of sanctions on a litigant if he files a pleading, written motion, or other paper for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." See Rule 11(b)(1), (c)(1).  In addition, to avoid Rule 11 sanctions, a litigant's claims, defenses, and other legal contentions must be, to the best of the person's knowledge, information, and belief, "warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." See Rule 11(b)(2).  As such, having now been informed twice that this Court does not have subject matter jurisdiction over the State Action, Defendant is cautioned that further attempts to remove the State Action to federal court without any valid legal basis for doing so may result in the imposition of sanctions. See Patterson, 841 F.2d at 387 ("[P]ro se filings do not serve as an 'impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" (quoting Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986))).

lc11
Copies to:

Counsel of Record
Pro Se Parties